| UNITED STATES OF AMERICA | |
|---|---|
| v. | ARRAIGNMENT AND PLEA MINUTES |
| **BRADLEY D. HOUNSELL** | Case No. **25-CR-69** |

| | |
|---|---|
| HONORABLE WILLIAM C. GRIESBACH, presiding | Hearing Began: 11:06 am |
| Deputy Clerk: Lori | Hearing Ended: 11:25 am |
| Hearing Held: April 18, 2025 | Tape Number: Zoom 041825 |

**Appearances:**

| | |
|---|---|
| UNITED STATES OF AMERICA by: | Daniel R. Humble |
| BRADLEY D. HOUNSELL by: | Thomas E. Phillip |
| | ☒ FDS ☐ CJA ☐ RET |
| U.S. PROBATION OFFICE by: | Robert Herman |
| INTERPRETER: ☒ None ☐ Sworn | None |

Defendant appears via video conference.
☒ Defendant consents to proceed via video from Brown County Jail.

☒ Original Indictment  ☐ Superseding Indictment  ☐ Information  ☒ Felony  ☐ Misdemeanor

| | | | |
|---|---|---|---|
| Speedy Trial Date: | 6/27/25 | District Judge: | William C. Griesbach |
| Final Pretrial Conf.: | 6/12/25 at 1:30 p.m. | Magistrate Judge: | William E. Duffin |
| Jury Trial Date: | 6/24/25 at 8:30 a.m. | Motions Due: | 5/5/25 |
| Trial Length Estimate: 3 days | | Responses Due: | 5/15/25 |
| | | Replies Due: | 5/20/25 |

☒ Defendant advised of rights
☒ Court orders counsel appointed
☒ Defendant advised of charges, penalties, and fines
☒ Copy of indictment received by defendant
  ☐ document read  ☒ reading waived
☒ Not guilty plea entered by: ☒ Defendant ☐ Court

☒ Government to disclose grand jury materials one day prior to trial
☐ Oral Motion for Complex Designation
  ☐ Granted  ☐ Denied
  ☐ Referred to William E. Duffin
☐ Case designated complex
☒ Expanded discovery policy applies

**THE COURT ORDERS** that pursuant to Federal Criminal Rule of Procedure 5(f) the government must produce all exculpatory information to the defendant(s) as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Failure to comply with this order in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings.

Maximum Penalties: mandatory minimum 15 years – 30 years; Fine: $250,000; SR: 5 years – Life; SA: $100 and if defendant is found non-indigent there is a $5000 mandatory assessment.

- ☒ Detention hearing held.
- ☒ Defendant released on: ☒ O/R bond; ☐ Cash bond; ☐ Property bond; ☒ with conditions. SEE Order Setting Conditions of Release.
- ☐ Defendant is ordered detained pending trial. SEE Order of Detention Pending Trial.
- ☐ Court orders federal detainer.
- ☐ Defendant is ordered temporarily detained. Detention hearing set for:
- ☐ Detention continued.
- ☐ Bond continued: ☐ as previously set, or ☐ as modified:

Mr. Humble requests detention arguing the government's case is strong and this is a presumption case.
Mr. Humble argues due to the charges the request is due to protection of the public.
Mr. Phillip argues for release with conditions under the Adam Walsh Act.
Mr. Phillip argues that defendant has no criminal history, owns a home, has lived in the area for 40 years, did not flee after FBI searched his residence back in November of 2024, employed with the DOC for over 20 years, and argues concerns for danger to the public would be mitigated with mandatory conditions under the Adam Walsh Act could mitigate any risk of danger to the public.
Mr. Humble argues the danger is fear of engaging in similar behavior.
Mr. Humble addresses reasons for the delay of charging due to involvement of foreign agency.
The Court addresses the 15-year mandatory minimum penalty.
The Court finds there is a rebuttable presumption.
The Court is satisfied that the conditions can be set to assure the defendant's future appearance and the public's safety under the Adam's Walsh Act. Defendant will be released.

Mr. Herman addresses requested conditions: Report to the pretrial services department as instructed, travel restriction to the State of Wisconsin, no firearms or dangerous weapons, refrain from direct or indirect contact with victims, witnesses or family member's alleged in the offense,
No alcohol, surrender passport and Location Monitoring (Home Detention).
The Court clarifies all guns were to be removed from his residence.

*After the hearing there was a verbal motion by the government to unseal the indictment.
The Court instructed the clerk to enter a text only order unsealing the indictment.*